JOHN FOX *v.* RENEE L. SHARLOW ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 314682
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed January 29, 1990

*Trantolo & Trantolo* and *Gold & Levy,* for the plaintiff.

No appearance for the named defendant.

*Halloran & Sage,* for the defendants Federal Revelle, and KMA Leasing, Inc.

HAMMER, J. The plaintiff and the defendant Federal Revelle, are Pennsylvania residents who were employed as truck drivers by the defendant KMA Leasing, Inc., a Pennsylvania corporation, when their vehicles were involved in a collision on May 5, 1984, in East Hartford. The plaintiff has brought this negligence action against them, as well as the named defendant, Renee L. Sharlow, a Connecticut resident and the operator of the third vehicle, claiming damages for personal injuries he sustained as a result of the accident.

The plaintiff has alleged in his amended complaint that KMA "was a common carrier and was regularly doing business" in this state and, pursuant to Interstate Commerce Commission regulations, had designated an agent for service in Connecticut. He further alleges that just prior to the accident, he had picked up a load of glass bottles in Dayville, that he had made similar pickups there "30 to 50 times prior to May 5, 1984," and that he drove a truck in this state "one to three times per week every week for two and one-half years prior to May 5, 1984."

KMA and Revelle have filed a second special defense in which they state that the plaintiff and Revelle were "in the same employ" within the meaning of the Pennsylvania workers' compensation act, which bars a tort action by an employee whose injury is compensable under the statute. Pa. Stat. Ann. tit. 77, § 72 (Purdon 1970). They further allege that the plaintiff "applied for and received worker's compensation benefits pursuant to the laws of the Commonwealth of Pennsylvania as a result of the action which gives rise to this lawsuit . . . ."

The defendants KMA and Revelle assert in their second special defense that the plaintiff's negligence action against Revelle is barred by Pennsylvania law, which prohibits such suits between fellow employees. Their third special defense states that the plaintiff's claims against KMA are also not actionable under Pennsylvania law because an employee's exclusive remedy against an employer for injuries sustained in the course of his employment is under the workers' compensation act. Pa. Stat. Ann. tit. 77, § 481 (Purdon 1970).

The plaintiff moved to strike the second and third special defenses on the ground that under the facts and circumstances here, the state of Connecticut "has the most significant relationship to the controversy" under the recently modified choice of law standards enunciated by the Connecticut Supreme Court in *O'Connor* v. *O'Connor*, 201 Conn. 632, 633, 519 A.2d 13 (1986). Accordingly, the plaintiff argued that he was entitled to prosecute this action under General Statutes § 31-293a, which permits an employee who is eligible for workers' compensation benefits to bring an action against a fellow employee on the basis of the fellow employee's negligence in the operation of a motor vehicle.

On July 17, 1987, the court, *Wagner, J.*, denied the plaintiff's motion to strike because "[t]he facts pleaded by defendants in their second and third special defenses, read in the light most favorable to defendants would sufficiently state a special defense." The court also noted that "[i]t would appear that defendants' second and third special defenses state facts which, if proven, would indicate that the interests of Pennsylvania regarding Workers' Compensation benefits, automobile insurance and protection of its citizens, constitute such a significant relationship to the cause of action that Pennsylvania, rather than Connecticut, law should apply."

After the plaintiff's motion to strike their special defenses was denied, the defendants moved for summary judgment on the ground that "there is no genuine issue as to the material fact that, pursuant to Pennsylvania law, which applies in this case, the plaintiff is precluded from bringing a cause of action against his fellow servant, Revelle, and against his employer, KMA Leasing, Inc."

The defendants' arguments in support of their motion are, first, that Judge Wagner's prior decision should be treated as the law of the case as to the choice of law question, and second, that, in any event, the Supreme Court's decision in *Simaitis* v. *Flood,* 182 Conn. 24, 31, 437 A.2d 828 (1980), requires the court to find that Pennsylvania law applies under the choice of law rules "traditionally applied to workers' compensation conflict cases," rather than the tort place of the injury rule.

The plaintiff argues that KMA has significant contacts with this state, including nearly one million miles of travel by KMA trucks on state roads from April 1, 1983, to April 30, 1984, 461 pickups and 556 deliveries in this state in the four months prior to the accident, as well as the payment of road use taxes to the state of Connecticut. The plaintiff further argues that Pennsylvania's policy of prohibiting suits between employees involved in motor vehicle accidents should not override this state's policy of encouraging the safe use of its roads by drivers and by their employers.

The defendants' contention that Judge Wagner's prior ruling should be adopted by this court as the law of the case is based on the assumption that the judge "decided" the choice of law question, when in fact, he merely ruled on the legal sufficiency of the special defenses, and did not have before him the evidence that was subsequently obtained by the plaintiff concerning the extent of KMA's business activities in this state.

See *Rosenblit v. Danaher,* 206 Conn. 125, 133, 537 A.2d 145 (1988). Furthermore, even if his ruling could be considered as the functional equivalent of a decision on the choice of law issue, the ruling of one judge on a prior motion to strike is not necessarily binding on a second judge when he considers a motion for summary judgment that raises the same claim of law. *Breen* v. *Phelps,* 186 Conn. 86, 101, 439 A.2d 1066 (1982).

Although the plaintiff has not cited the case in his brief, the United States District Court for the district of Connecticut has stated in a case that is factually very close to the present one that "[t]here in no question that the state has an interest to insure that an injured employee from a foreign state has a remedy for injuries sustained by him within the state." *Greene* v. *Verven,* 204 F. Sup. 585, 587 (D. Conn. 1959). The court granted a motion to strike defenses based on the New York workers' compensation act (which did not permit an action against a fellow employee), basing its decision on the fact that Connecticut had a strong policy favoring the allowance of such an action and holding that it was therefore probable that the courts of this state would rule that the plaintiff nonresident employee had stated a cause of action and was not precluded from maintaining the action by the New York act. Id., 588.

In a subsequent case, the Supreme Judicial Court of Massachusetts took a different view of the way in which the courts of this state would apply the traditional lex loci delicti rule, and suggested that it "would regard the facts of this case as involving principally a contractual relationship under Massachusetts law and not simply a tort claim under Connecticut law." *Saharceski* v. *Marcure,* 373 Mass. 304, 314, 366 N.E.2d 1245 (1977). The facts of *Saharceski* were that the plaintiff and the defendant were employees of a Massachusetts corporation and Massachusetts residents who were driving through Connecticut in the course of their

employment when the plaintiff, a passenger, was injured as the result of the defendant's negligent operation of the vehicle.

The employer did not have any offices or business outlets in Connecticut and "had no employees resident or principally working there [although trips] to Connecticut to pick up merchandise were an occasional part of the plaintiff's duties." Id., 305. The Massachusetts workers' compensation law does not permit recovery from a negligent fellow employee unless the injured employee gives timely notice that he is reserving his common law rights. The plaintiff had not made any such reservation of his rights and had collected workers' compensation benefits. Id., 306.

The court observed that in this kind of factual situation involving a conflict of laws concerning the fellow employee's claimed exemption from liability, "the better reasoned cases focus on the established relationship of the parties, their expectations, and the degree of interest of each jurisdiction whose law might be applied." Id., 310. The most significant of these considerations is the reasonable expectations of the parties. Where they live and were hired in a state that bars recovery from a negligent fellow employee, the plaintiff has no reasonable basis for expecting to recover, and the defendant has no reason to expect that he may be liable. Id., 311.

The Massachusetts court in *Saharceski* analyzed the case in terms of the result that would be reached if the action had been brought in this state and noted that its conclusion that Connecticut courts might not apply Connecticut law in this situation was "strengthened by the absence of strong local public policy considerations [here] in support of authorizing suits against fellow employees." Id., 314. The court suggested that this state's "legislative policy behind the exemption for

motor vehicle torts of fellow employees may be grounded on nothing more exhilarating than the allocation of losses beteen insurers." Id., 315. It concluded by stating that "[w]e suspect that the Connecticut court would regard Connecticut's transient interest in the circumstances of this case as insignificant in relation to the established, continuing employment relationship of the plaintiff, the defendant, and their employer under Massachusetts law." Id., 315–16.

In *Simaitis* v. *Flood*, supra, 34, the Connecticut Supreme Court rejected the contract choice of law approach and the tort place of injury rule in favor of the rules traditionally applied to workers' compensation conflicts cases. The court held that where there is no question that the employment relation exists in a particular state, the applicable law in a workers' compensation case is the law of that state.

Under the facts of the present case, where the employment relationship was created and maintained in Pennsylvania, the plaintiff cannot avoid the application of the rule stated in *Simaitis* by claiming that the relationship exists in every state that happens to be on his itinerary. The frequency of his trips and the number of pickups and deliveries in Connecticut neither make this state the primary place of his employment nor do they constitute the kind of "substantial business activity" in this state that would warrant extending to him the limited right of action that is afforded to employees who live and work in this state. See *Bishop* v. *Twiford*, 317 Md. 170, 176, 562 A.2d 1238 (1989).

The plaintiff's brief points out that the practical effect of the court's decisions under the facts in *O'Connor* and *Simaitis* was to expand rather than to restrict the plaintiff's recovery and that where the traditional rule of lex loci delicti serves to expand the plaintiff's right to

compensation, that standard should be applied. Our courts, however, have consistently rejected any such standard and, on the contrary, have held that a legal exemption from liability is as important as a right of action, and that just as a plaintiff may claim a statutory right of action as a vested right, a defendant has an equivalent vested right in an exemption. *Gibson* v. *Fullin,* 172 Conn. 407, 413, 374 A.2d 1061 (1977).

For the foregoing reasons, the court finds that there is no genuine issue as to the fact that, pursuant to the Pennsylvania workers' compensation act, which applies in the present case, the plaintiff is precluded from pursuing an action for negligence against his fellow employee, the defendant Revelle, and against his employer, the defendant KMA.

The motion for summary judgment by the defendants Revelle and KMA is granted and judgment is rendered accordingly.