[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT
The present action was instituted to recover damages for personal injuries sustained as a result of a motor vehicle accident on Interstate 95 in Darien, Connecticut. At the time of the accident the plaintiff was a passenger in a vehicle owned by the defendant Toth and operated by the defendant Feldicsko, which was involved in a collision with a vehicle owned by the defendant Ryder Truck Rental, Inc. and operated by the defendant Mainiero. The defendants Toth and Feldicsko have now moved for a summary judgment asserting that the plaintiff and Feldicsko were in the employ of the defendant Toth acting within the scope of their employment and that the plaintiff has collected Workers' Compensation benefits in the State of New York. The moving defendants assert that the plaintiff's action is barred under the New York Workers' Compensation Law.
The affidavits, requests for admission and other documentary evidence submitted by the parties establishes that the plaintiff, the defendant Toth and the defendant Feldicsko are all residents of the State of New York; that the defendant Toth owns a painting business located in the State of New York; that both the plaintiff and the defendant Feldicsko were employees of the defendant Toth; that the accident occurred while the plaintiff and the defendant Feldicsko were acting in the course of their employment by the defendant Toth on their way from New York to paint a job-site in CT Page 9241 New Canaan, Connecticut. The plaintiff has also applied for and has received Workers' Compensation benefits under the laws of the State of New York.
Section 29(6) of the Workers' Compensation Law in the State of New York provides:
 "The right to compensation or benefits under this Chapter, shall be the exclusive remedy to the employee, or in the case death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employee." (emphasis supplied).
Accordingly, under the law of the State of New York, the plaintiff could not maintain the present action against the defendant Toth or the defendant Feldicsko. See, Naso v. Lafata,4 N.Y.2d 585, 152 N.E.2d 59 (1958); Somba v. Delligard, 697 N.Y.S.2d 419, 116 A.2d 563 (1986).
The plaintiff claims that the court should apply the law of the place of the injury, i.e. Connecticut, so as to permit a cause of action to be asserted by one fellow employee against another under the circumstances presented in this case. In Simaitis v. Flood, 182 Conn. 24 (1980) the court rejected the application of the place of the injury rule so as to allow a cause of action to be asserted by one fellow employee against another (where both were residents of and domiciled in Connecticut and were employed by the Aetna Life Casualty Company in Connecticut), even though the law of the place in which the accident occurred, i.e. Tennessee, would not permit such an action. In O'Connor v. O'Connor, 201 Conn. 632
(1950), our Supreme Court rejected the application of the place of the injury rule to an accident which occurred in Quebec, involving Connecticut residents where Quebec would not permit such an action. In O'Connor, Supra at 650-652, the court adopted the analysis of the choice of law provisions as set forth in the Restatement of Law and stated:
 "Section 145 of the Restatement Second provides in sub-section (1) that `[t]he rights and liabilities of the parties with respect to an issue are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in Section 6'. Section 6 of the Restatement, in turn, provides `(1) A court, subject to constitutional restrictions, will follow a CT Page 9242 statutory directive of its own state on choice of law. (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interest of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result and (g) ease in the determination and application of the law to be applied." . . .
 "For assistance in our evaluation of the policy choices set out in Sections 145(1) and 6(2), we turn next to Section 145(2) of the Restatement which establishes black letter rules of priority to facilitate the application of the principles of Section 6 to tort cases. (citations omitted) Section 145(2) provides: `Contacts to be taken into account in applying the principles of Section 6 to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile residence, nationality, place of incorporation and place of business of the parties and (d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular issue."
It also appears that the plaintiff and the defendant Feldicsko may have been working at the Connecticut job site for an extended period of time, perhaps as long as six or seven months in one case. However, in balancing the factors involved, the court is of the view that the employment relationship and the relationship of the parties is centered in the State of New York. The court also concludes that the justified expectations of the parties arise from a New York employment relationship which provides the benefits and burdens encompassed by the Workers' Compensation laws of that state. The court also agrees with the result, in a similar case, reached by Judge Hammer in the case of Fox v. Sharlow,41 Conn. Sup. 391 (1990).
Accordingly, the Motions for Summary Judgment filed on behalf CT Page 9243 of the defendant Toth and the defendant Feldicsko are hereby granted.
RUSH, J.