[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGEMENT
The instant action arises out of a motor vehicle accident in Windsor, Connecticut, which occurred on March 30, 1988. On said date, the plaintiff, Richard Afflerbach, and the defendant, James Furry ["Furry"], were Pennsylvania residents and were in Connecticut on business. At the time of the accident, Richard Afflerbach was a passenger in the vehicle operated by Furry. As a result of the accident, Richard Afflerbach allegedly sustained injuries.
The plaintiffs, Richard and Diane Afflerbach, filed a three-count complaint against the defendant, Furry, on September 14, 1989. The first count is a negligence claim brought by Richard Afflerbach. The second count is a claim of loss of consortium brought on behalf of Diane Afflerbach, and the third count is a recklessness claim brought by both plaintiffs. On February 13, 1991, the defendant filed an answer and two special defenses. The first special defense claims that the plaintiffs' actions are barred by the applicable workers' compensation statute. The second special defense, asserting the defendant's right to collateral source payments, was stricken by the court, Hennessey, J., on April 8, 1991.
On August 17, 1993, the plaintiffs filed a motion for summary judgment as to liability only pursuant to Practice Book 385. In support of their motion for summary judgment, the plaintiffs submitted a memorandum of law, affidavit of Michael McCabe, and certified transcripts of the depositions of Richard Afflerbach and James Furry. Thereafter, the defendant filed a objection to the plaintiffs' motion for summary judgment along with his own motion for summary judgment. On September 10, 1993, the plaintiffs filed a memorandum of law in opposition to the defendant's motion for summary judgment, and on September 14, 1993, the defendant filed a supplemental memorandum in support of his motion for summary judgment.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of CT Page 9682 law. Practice Book 380." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 505,538 A.2d 1031 (1988); see also Reid Reige v. Brainerd Cashman Ins. Agency, Inc., 26 Conn. App. 580, 584, 602 A.2d 1051
(1992).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334
(1991). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" (Citation omitted.) Id.
Plaintiffs' Motion for Summary Judgment
The plaintiffs move for summary judgment on the ground that the defendant, having pled guilty to the charge of travelling unreasonably fast in violation of General Statutes14-218a, has admitted liability, and that the defendant's special defense of fellow-employee immunity is legally insufficient because there is no fellow-employee immunity in automobile negligence actions.
"`Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.'" Sampara v. Bogucki, 8 CSCR 172, 173
(January 7, 1993, Gray, J.), quoting Fogarty v. Rashaw,193 Conn. 442, 446, 476 A.2d 582 (1984). In order to prove negligence, a plaintiff must not only prove that there was a duty and a breach of that duty but must also prove causation. Hall v. Winfrey, 27 Conn. App. 154, 604 A.2d 1334, cert. denied, 222 Conn. 903, 606 A.2d 1327 (1992) (The elements of negligence are duty, breach, causation and damages.).
In support of their motion for summary judgment, the plaintiffs have submitted a certified copy of the information showing that the defendant pled guilty to travelling unreasonably fast in violation of General Statutes 14-218a. (Plaintiffs' Memorandum in Support, Exhibit D). However, the defendant's guilty plea only establishes a duty and breach thereof. The plaintiffs must still show that there is no CT Page 9683 question of material fact as to causation.
"In order for legal causation to exist, actual cause or cause in fact, as well as proximate cause, must be present." (Citations omitted.) Coste v. Riverside Motors, Inc., 24 Conn. App. 109,113, 585 A.2d 1263 (1991). "[T]he `issue of proximate cause is ordinarily a question of fact for the trier. . . . "Conclusions of proximate cause are to be drawn by the jury and not by the court."'" (Citations omitted.) Doe v. Manheimer, 212 Conn. 748, 756-57, 563 A.2d 699 (1989). "Proximate cause `becomes a question of law only when the mind of a fair and reasonable person could reach only one conclusion. The question should be submitted to the trier of fact if there is room for a reasonable disagreement.'" Sharp v. Wyatt, Inc., 31 Conn. App. 824, 835, 627 A.2d 1347 (1993). The plaintiffs have submitted no evidence to satisfy their burden of demonstrating that the defendant's violation of14-218a was the proximate cause of the plaintiffs' injuries.
Since the court finds that a question of fact exists as proximate cause, we need not address the plaintiffs' other arguments. Accordingly, the plaintiffs' motion for summary judgment is denied.
Defendant's Motion for Summary Judgment
The defendant moves for summary judgment on the ground that he is immune from liability pursuant to section 205 of the Pennsylvania Workmen's Compensation Act,77 Pa. Stat. Ann. 72. In opposition, the plaintiffs assert that Connecticut law and not Pennsylvania law applies. The plaintiffs further assert that even if Pennsylvania law applies, Pennsylvania recognizes the automobile negligence exception to fellow-employee immunity. Finally, the plaintiffs argue that the defendant is not immune under Pennsylvania law since the defendant was not acting in the course of his employment at the time of the accident.
Choice of Law Rules
"There is at least some uncertainty about what rules are to be applied in situations presenting a conflict of laws." Howe v. Stuart Amusement Corp., 5 Conn. L. Rptr. 350, 351 (December 10, 1991, Hennessey, J.). The defendant asserts that since the present action is a tort action, the "most CT Page 9684 significant relationships" test enunciated in O'Connor v. O'Connor, 201 Conn. 632, 519 A.2d 13 (1986), applies to the instant action. The plaintiffs, on the other hand, argue that the rule set forth in Cleveland v. U.S. Printing Ink, Inc.,218 Conn. 181, 588 A.2d 194 (1991), applies.
In Cleveland v. U.S. Printing Ink, Inc., supra, the court rejected the contract choice of law rule for resolving conflict of laws issues in workers' compensation cases and adopted the rule that "the local statute will be applied if the place of injury, or the place of hiring, or the place of employment relation is within the state." Id., 190-92. The plaintiffs assert that this rule applies to all actions involving the Workers' Compensation Act and not just those cases involving eligibility for benefits under the Act. The court in Cleveland, however, stated that "[t]he remedial purpose of our Workers' Compensation Act supports application of its provisions in cases where an injured employee seeks an award of benefits and Connecticut is the place of injury, the place of the employment contract or the place of the employment relation." Id., 195. The rule enunciated in Cleveland applies to cases involving workers' compensation benefits.
Although the instant action may be barred by the applicable workers' compensation act, it is not a workers' compensation case but rather is a tort action. Therefore, the rule set forth in Cleveland does not apply to the present case.
Choice of law rules in tort actions are governed by O'Connor v. O'Connor, supra. In O'Connor, the court stated that, in general, Connecticut follows the doctrine of lex loci delicti, which states that the substantive rights and obligations arising out of a tort controversy are determined by the law of the place where the injury occurred. Id., 637. The court, however, went on to hold that, where strict application of the doctrine of lex loci delicti would produce an arbitrary, irrational result, the principles of the Restatement (Second) Conflict of Laws are applicable. Id.
This court, in Howe v. Stuart Amusement Corp., supra, has previously stated that O'Connor has "`effectively eviscerate[d] the [lex loci] rule in virtually all conflict situations' . . . ." (Citation omitted.) Id., 352. Thus, this CT Page 9685 court held that the O'Connor court's "mandate is to apply the most significant relationship test to all tort cases involving the conflict of laws." Id. Accordingly, "the determinative choice of law legal test is the most significant relationship test, as it was enunciated and applied in O'Connor v. O'Connor, supra." Id.
Most Significant Relationship Test
In O'Connor, the court stated that "`[t]he rights and liabilities of the parties with respect to an issue are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and to the parties as stated in [the Restatement (Second) Conflict of Laws] 6." O'Connor v. O'Connor, supra, 650, quoting Restatement (Second) Conflict of Laws 145(1). Section 145(2) of the Restatement provides that the
 [c]ontacts to be taken into account in applying the principles of 6 to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular issue.
Restatement (Second) Conflict of Laws, 145(2).
The following facts are undisputed: (1) Richard Afflerbach and the defendant are both residents of Pennsylvania, (2) the accident occurred in Connecticut, (3) Richard Afflerbach and the defendant were both employed by Moore Business Forms at the time of the accident. (Defendant's Supplemental Memorandum of Law, Exhibit A, Requests for Admissions 1, 4, 5, 16). Thus, applying the factors to these facts, the court finds that factors (a) and (b) favor Connecticut, the state where the accident and injury causing conduct occurred, while factors (c) and (d) favor Pennsylvania, the residence of both Richard Afflerbach and the CT Page 9686 defendant, and the place where the relationship between the parties is centered.
"Of these factors, factor (a) is entitled to the least weight because the injury was caused by an accident, which by its very nature is a fortuitous occurrence . . . ." Howe v. Stuart Amusement, supra, 353. The other factors, "on the other hand, are entitled to greater weight." Id. Pennsylvania "has a significant interest in this litigation because both the plaintiff and the defendant are, and were at the time of the accident, [Pennsylvania residents]." O'Connor v. O'Connor, supra, 657.
Furthermore, the facts show that Richard Afflerbach and the defendant were employed by a Pennsylvania company and that their employment contracts were entered into in Pennsylvania. (Defendant's Supplemental Memorandum of Law, Exhibit A, Requests for Admissions, 4-8). Thus, both the employment relationship and the relationship between the parties is centered in Pennsylvania. "Where [the parties] live and were hired in a state that bars recovery from a negligent fellow employee, the plaintiff has no reasonable basis for expecting to recover, and the defendant has no reason to expect that he maybe liable." (Citation omitted.) Fox v. Sharlow, 41 Conn. Sup. 391,396, 579 A.2d 603 (1990, Hammer, J.). The state with the most significant relationship is Pennsylvania, and, therefore, the rights and liabilities of the parties should be determined under Pennsylvania law.
Pennsylvania Law
The defendant asserts that he is entitled to summary judgment since the present action is barred by Pennsylvania's Workmen's Compensation Act. Section 205 of the Pennsylvania Workmen's Compensation Act, 77 Pa. Stat. Ann. 72, provides that "[i]f disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong." (Emphasis added.) 77 Pa. Stat. Ann. 72. Section 205 provides immunity to a fellow-employee in negligence actions.
In opposition, however, the plaintiffs assert that the CT Page 9687 Pennsylvania courts have carved out an exception to fellow-employee immunity for automobile negligence actions. In support of their argument, the plaintiffs rely on Ducjai v. Dennis, Superior Court, No. 02042 Philadelphia 1992.[1] In Ducjai, supra, the plaintiff was a passenger in an automobile owned and operated by the defendant, a fellow-employee. Id., 1. The defendant's vehicle collided with another vehicle resulting in injury to the plaintiff. Id. Thereafter, the plaintiff filed a negligence action against the defendant. Id.
In Ducjai, the defendant filed a motion for summary judgment on the ground that he was immune from liability under Pennsylvania's Workmen's Compensation Act, which was granted by the trial court. Id. The appellate court, however, reversed the trial court. The appellate court reasoned that since Pennsylvania's Motor Vehicle Financial Responsibility Act provided that "[t]he coverages required by this subchapter shall not be made subject to an exclusion . . . because of any worker's compensation benefits . . ."; id., 3; "the law does not say with certainty that [the defendant] is entitled to judgment as a matter of law." Id., 4.
The defendant in the instant case suggests that since "the Ducjai court cites no authority for its conclusion and . . . [an] en banc hearing is scheduled to be heard in October of 1993 . . ., this court should be very hesitant to rely on the decision" in Ducjai. Until the decision is overturned, a Pennsylvania court would be bound by the Ducjai court's decision. This court follows Ducjai. Therefore, this court cannot say as a matter of law that the defendant is entitled to summary judgment. Accordingly, the defendant's motion for summary judgment is denied.
Mary R. Hennessey, Judge