[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#115)
I. FACTS:
This case arises from a fatal automobile accident. On February 6, 1998, Ferdinand Walton and Stephen Pike were traveling south on Route 9 in Old Saybrook, Connecticut. Both men were employed by Duct Vent Cleaning of America, Inc. (DVCA), a Massachusetts corporation, and were in Connecticut performing their duties for DVCA. Both men were residents of Massachusetts. The truck was owned by DVCA and registered in Massachusetts.
Pike, driving the truck, tried to negotiate a lefthand curve on Route 9. As a result, the truck flipped and Walton sustained fatal injuries.
On August 8, 1999, April Walton, Walton's wife and administratrix of his estate and the plaintiff in the present case, filed a three count complaint in Connecticut. In the first count, she alleges that Pike was negligent in operating the vehicle. The second count alleges that Pike was reckless in the manner he operated the vehicle. The third count alleges willful or serious misconduct on the part of DVCA in its CT Page 14407 maintenance of the truck. On March 9, 2000, DVCA filed a motion for summary judgment against the three counts of the complaint which motion was adopted by Pike.
II. DISCUSSION:
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Brackets in original; internal quotation marks omitted). Community Action forGreater Middlesex County, Inc. v. American Alliance Ins. Co.,245 Conn. 387, 397 (2000).
The party seeking summary judgment has the burden to show the nonexistence of any genuine issue of material fact. Id., 397-98. If the movant has shown the nonexistence of a material fact, the non-movant "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Brackets in original; internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1988).
In their motion for summary judgment the defendants contend that they are entitled to judgment as a matter of law because there is no genuine issue of material fact that Massachusetts law applies to this case and that the plaintiff is barred from suit because of the Massachusetts workers' compensation laws, Mass. Gen. Laws ch. 152, § 15, et seq. (2000). "A motion for summary judgment is an appropriate motion to resolve a choice of law issue." Maldonado v. Lannefranque, Superior Court, judicial district of New Haven at Meriden, Docket No. 257480 (May 27, 1998, Dunnell, J.)
A. History of Conflicts of Laws Rules in Connecticut
In the past, Connecticut's courts adhered to the rule of lex locidelicti which held that the choice of law in tort suits would be determined by the place of injury. O'Connor v. O'Connor, 201 Conn. 632,637, 519 A.2d 13 (1986). In O'Connor, however, the Connecticut Supreme Court changed course and adopted the standards of the Restatement CT Page 14408 (Second) of Conflicts of Law. Id., 650. It did so because the Restatement's more flexible approach avoids arbitrary results by abandoning the bright-line rules of lex loci delicti.
The Restatement sets out a number of factors that the court must consider when deciding which state has the most significant relationship to the lawsuit and, therefore, should have its laws applied in deciding the lawsuit. Restatement (Second) of Conflicts of Law § 145 (1971). As a threshold matter, however, the court must first decide whether to apply the rules of tort law or of workers' compensation law.
B. Whether The Claim Against the Defendant Is Decided Under Tort or WorkersCompensation Conflict of Laws
Plaintiff, in her response to defendants' reply memorandum of law, argues that the court must apply workers' compensation choice of law rules against Pike and not tort choice of laws rules. She makes this claim because to circumvent the exclusivity of the workers compensation laws, she must rely upon Connecticut workers' compensation law. General Statutes § 31-293a.
Massachusetts' workers' compensation law would bar a claim by the plaintiff. If Connecticut law were to apply, the plaintiff has a cause of action against Pike due to § 31-293a, a part of Connecticut's workers' compensation law. The primary issue of this case, however, is whether either defendant was negligent, reckless or committed an intentional tort against the decedent. Such an issue is not determined by workers' compensation law, but rather by tort law. Other courts have supported this view. Zheng v. Yoan Wah Rental, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348496 (August 26, 1999,Nadeau, J.); Afflerbach v. Furry, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 376207 (November 9, 1993,Hennessey, J.). Accordingly, this court will use the conflict of laws rules of torts law to decide whether the two counts against Pike will be decided by Massachusetts law or Connecticut law. As for DVCA, it is undisputed that the proper choice of law rules are the tort law rules.
C. Restatement Analysis
1. The Factors the Court Shall Apply
The Restatement (Second) of Conflict of Laws § 145 sets out the tests this court must use in order to decide which state's laws to apply. O'Connor v. O'Connor, supra, 201 Conn. 651. The Restatement provides "(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with CT Page 14409 respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6."
Section 6 of the Restatement lists the following principles: "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be implied."
These seven principles are not to be considered in a vacuum. Section 145(2) directs that "[c]ontacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, [domicile], residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."
Accordingly, this court will consider the four contacts as enumerated in § 145. The court will then use the weight it attaches to those contacts to guide it in its consideration of the principles described in § 6.
2. Section 145 Contacts
First, the court will examine the place where the injury occurred. None of the parties dispute that the fatal car accident happened in Connecticut. Thus, this contact favors application of Connecticut law.
The court also must consider the place where the tortious conduct occurred. In regard to Pike, the alleged tortious conduct occurred in Connecticut. For DVCA, however, its alleged tortious conduct occurred in Massachusetts because the decision to permit the defendant to use the truck occurred there and the vehicle in question was garaged there. Pike's contact favors Connecticut law and DVCA's contact favors application of Massachusetts law. As will be discussed herein, this distinction will be of little avail to the plaintiff.
The defendants argue that the conduct and place of injury in this case do not weigh in the plaintiffs favor because the fact that the accident happened in Connecticut is merely fortuitous. Some Connecticut cases have found that contact with another state has been fortuitous, even when the employees performed a significant portion of their duties in that state. CT Page 14410Simaitis v. Flood, 182 Conn. 24, 26, 437 A.2d 828 (1980) (finding that Connecticut employees who worked half the time in Tennessee and were injured in Tennessee would still use Connecticut law); Zheng v. Yoan WahRental, supra, Superior Court, Docket No. 348496 (working in Connecticut alone is not enough to give Connecticut the superior interest); Fox v.Sharlow, 41 Conn. Sup. 391, 396, 579 A.2d 603 (1990) (ruling that when the defendant had no offices in Connecticut, even when employees routinely went into Connecticut, Massachusetts had greater interest). The instant case, however, differs from the former cited cases.
While the decedent and Pike did not spend all their time working within Connecticut, DVCA does maintain an office in Connecticut. Moreover, viewing the evidence in the light most favorable to the plaintiff, DVCA sent the decedent into Connecticut to work fifty to sixty-five percent of the time. Accordingly, the court determines that the place of injury is not fortuitous.
The third contact, domicile of the parties, is not contested by any of the parties. The decedent and Pike were both residences of Massachusetts. DVCA has its principal place of business and is incorporated in Massachusetts. Therefore, the third contact suggests that Massachusetts law should apply.
The final § 145 contact concerns the place where the relationship among all the parties is centered. In this case, both Pike and the decedent were hired and worked from Massachusetts. They received their assignments from DVCA's headquarters in Massachusetts and reported there daily. Finally, the decedent and Pike received their paychecks from the Massachusetts office. Given these facts, it is apparent that the relationship among the three parties was grounded in Massachusetts and, accordingly, this court finds that this factor favors the application of Massachusetts law.
"[I]t is the significance, and not the number, of § 145(2) contacts that determines the outcome of the choice of law inquiry under the Restatement approach." O'Connor v. O'Connor, supra, 201 Conn. 652-53. While the place of injury and place of tortious conduct point to Connecticut law, this court finds that the place of the relationship of the parties and domicile carries more weight. Although the decedent's contact with Connecticut was not fortuitous, his contacts with Connecticut pale in comparison with the contacts with Massachusetts. Accordingly, this court finds that the contacts favor application of Massachusetts law.
3. Section 6 Principles
CT Page 14411
After analyzing the § 145 contacts, this court must use them to decide which state has the most significant relationship according to § 6. The first § 6 principle this court considers are the needs of the interstate system. Comment d of the Restatement states that the goal of this consideration is "to make the interstate . . . system work well." This consideration, according to comment d, seeks to facilitate harmonious relations and, thus, "commercial intercourse."
The facts of the present case resemble those of Zheng v. Yoan WahRental, supra, Superior Court, Docket No. 348496. In Zheng, the court found that the needs of the interstate system weighed in favor of applying the foreign court's law. Discussing New York workers' compensation law, the court stated that "the needs of interstate systems favor the application of New York law because out-of-state employers should be able to rely upon the workers' compensation law of the state where the employment relationship is centered and insured. . . . Connecticut has little, if any, interest in protecting workers who are injured here but are covered by compensation schemes in the state where their employment is centered." (Citations omitted) Id.
This court finds the reasoning of Zheng compelling. The employers of Massachusetts should be able to rely on the workers' compensation system that they pay into and rely on it to provide protection for workers they employ in Massachusetts. Moreover, utilizing the § 145 contacts discussed above, it becomes apparent that the needs of the interstate system favor application of Massachusetts law. Accordingly, taking all the contacts together, especially given that the employment relationship centers in Massachusetts, this court finds that Massachusetts law would best serve the interstate system.
The second § 6 principle considers the interests of Connecticut in this dispute. In O'Connor v. O'Connor, supra, 201 Conn. 632, the Connecticut Supreme Court discussed the interest of Quebec in applying its tort law. A state, "as the place of injury, has an obvious interest in applying its standards of conduct to govern the liability . . . of persons who use its highways. . . . This interest arises from the right and duty of the sovereign to protect those within its borders from injury to person or property." (Citations omitted; internal quotation marks omitted.) Id., 653.
Connecticut has the same interest. Evaluating this interest, however, in light of the relevant contacts reveals that Connecticut's interest in this case is insubstantial. The parties' only significant contacts with Connecticut are that it was the place of injury and was the place of tortious conduct of one of the defendants. The relationship and domicile of the parties is in Massachusetts. Accordingly, while the court CT Page 14412 considers Connecticut's interest, it does not assign it much weight.
Conversely, this court must also consider the interests of Massachusetts. The law in Massachusetts has two interests that the court can discern. First, the Massachusetts' workers' compensation law seeks to limit liability. Such a law "eschews investigation into the possible negligence of the defendant's conduct and limits the amount of damages the victim of the defendant's conduct may recover." Id., 654. Massachusetts has made this policy choice and provided no exceptions to it.
The second Massachusetts' interest is in providing "expeditious and certain remedy for employees who sustain work injuries by the statutory imposition of absolute but limited and determinate liability upon the employer." Zheng v. Yoan Wah Rental, supra, Superior Court, Docket No. 348496.
These two interests become more compelling when evaluated with the overwhelming Massachusetts contacts. Accordingly, this court finds that the policy interests of Massachusetts are more significant than the policy interests of Connecticut.
The next § 6 principle is the basic policies underlying the particular field of law. Comment h of the Restatement explains that "[t]his factor is of particular importance in situations where the policies of the interested states are largely the same but where there are nevertheless minor difference between their relevant local law rules." Because the policies of Connecticut and Massachusetts are not the same, this factor has no bearing on the court's analysis.
The fifth principle is the justified expectations of the parties. Normally in tort law, the expectations of the parties are not important because "the parties act without giving thought to the legal consequences of their conduct or to the law that may be applied. In such situations, the parties have no justified expectations to protect." Restatement (Second) of Conflicts of Law § 6, cmt. g. Whenever workers compensation laws are involved, however, the expectations of the parties merit evaluation.
In the present case, the decedent was hired in Massachusetts and DVCA paid him in Massachusetts. The decedent resided in Massachusetts. Though in the course of his employment the decedent had to make trips into Connecticut, he received his assignments in Massachusetts. "Where [the parties] live and were hired in a state that bars recovery from a negligent fellow employee, the plaintiff has no reasonable basis for expecting to recover, and the defendant has no reason to expect that he CT Page 14413 may be liable." Fox v. Sharlow, supra, 41 Conn. Sup. 396. Another Superior Court has found that when an employment relationship centers in one state, then the justified expectation is that that state's laws will apply. Szabo v. Feldicsko, Superior Court, judicial district of Stamford at Stamford/Norwalk, Docket No. 098939 (October 7, 1992, Rush, J.). Moreover, Restatement (Second) of Conflicts of Law § 184 states that "[r]ecovery for tort or wrongful death will not be permitted in any state if the defendant is declared immune from such liability by the workmen's compensation statute of a state under which the defendant is required to provide insurance against the particular risk and under which (a) the plaintiff has obtained an award for the injury or (b) the plaintiff could obtain an award for the injury if this is the state . . . where employment is principally located, or . . . where the employer supervised the employee's activities from a place of business in the state."
This court agrees with the other Superior Courts' conclusions and also believes that it is bound to apply § 184 of the Restatement. Given the significant contacts with Massachusetts, this court finds that the interest in the parties' expectations favor application of Massachusetts law.
Uniformity and predictability of result is the next principle. This court finds that because the contacts are mostly in Massachusetts, applying Connecticut law would "inject an element of uncertainty" into the application of workers' compensation law in Massachusetts. Williams v.State Farm Mutual Automobile Insurance Co., 229 Conn. 359, 374,641 A.2d 783 (1994). Accordingly, this court finds that uniformity and predictability of result favors application of Massachusetts law.
The last principle, ease in determining the law, has no bearing upon the present case. Massachusetts law, in the present case, is not complicated. Additionally, the Restatement states that "[t]his policy should not be overemphasized." Restatement (Second) Conflicts of Law § 6 cmt. j.
Accordingly, this court finds that, after considering the principles of § 6, Massachusetts law shall apply to this case. Given the Massachusetts contacts, the expectations of the parties and the interests of Massachusetts and the interstate system, this court must apply Massachusetts law.
D. Massachusetts Workers' Compensation Law
Because Massachusetts law applies to the present case, this court now looks to Massachusetts' statutes and case law to determine whether the plaintiff may maintain this suit. Massachusetts General Laws chapter 152, CT Page 14414 § 26 provides in pertinent part that "[i]f an employee who has not given notice of his claim of common law rights of action . . . or who was given such notice and has waived the same, receives a personal injury arising out of and in the course of his employment, or arising out of an ordinary risk of the street while engaged, with his employer's authorization, in the business affairs or undertakings of his employer, and whether within or without the commonwealth, he shall be paid compensation by the insurer or self-insurer . . . provided, that as to an injury occurring without the commonwealth he has not given notice of his claim of rights of action under the laws of the jurisdiction wherein such injury occurs." Both parties agree that the decedent failed to give notice of a claim to common law rights.
Massachusetts workers' compensation law bars the claims against the employer and the employee. "Common law actions are barred by the exclusivity provision of the workers' compensation act where: the plaintiff is shown to be an employee; his condition is shown to be a `personal injury' within the meaning of the [workers'] compensation act; and the injury is shown to have arisen `out of and in the course of . . . employment." (Internal quotation marks omitted). Green v. Wyman-GordonCo., 422 Mass. 551, 558, 664 N.E.2d 808 (1996). Neither party contests that the present case is a common law action. Clearly, under the allegations of the complaint, the decedent was an employee, his injury was a personal injury and it arose from the course of his employment.
As for her action against Pike, the plaintiff is similarly barred. "[A]n employee injured in the course of his employment by the negligence of a fellow employee may not recover from that fellow employee if he also was acting in the course of his employment." (Internal quotation marks omitted) Mulford v. Mangano, 418 Mass. 407, 410, 636 N.E.2d 272 (1994). Accordingly, this court finds that Massachusetts law bars the claim of the plaintiff.
III. CONCLUSION:
For the reasons stated herein, because the plaintiff is barred from her claims as a matter of law, no issue of material fact exists and this court ought to and hereby enters summary judgment in favor of the defendants on each count of the complaint. It is so ordered.
By the court
ARENA, J.