CATHERINE N. SIMAITIS ET AL. *v.* SUSAN FLOOD

BOGDANSKI, SPEZIALE, PETERS, HEALEY and PARSKEY, Js.

Argued June 4—decision released August 5, 1980

*Wesley W. Horton,* with whom were *David L. Fineberg* and *Charles T. Alfano,* and, on the brief, *Louis W. Flynn, Jr.,* and *Naomi A. Plakins,* for the appellants (plaintiffs).

*Neil P. Coughlan,* for the appellee (defendant).

PARSKEY, J. The plaintiff[1] brought this action in negligence for personal injuries sustained in an automobile accident which occurred on January 14,

---

[1] Anthony Simaitis, Catherine Simaitis' husband, is also a plaintiff. He has claimed $25,000 damages for expenses arising out of his wife's injuries. For convenience, we refer to the wife as the only plaintiff.

1974, in Memphis, Tennessee.[2] The plaintiff alleged the following facts: The plaintiff was riding as a passenger in a vehicle leased from Budget Rent A Car of Memphis, Inc., and operated by the defendant. When the defendant proceeded to turn left onto an adjacent street, the vehicle collided with an oncoming vehicle owned and operated by a Tennessee resident.

At the time the accident occurred, both parties were residents and domiciliaries of Connecticut, and were employed by the Aetna Life and Casualty Company in Hartford. Although they worked alternately two weeks in Connecticut and two weeks "on the road," both parties were hired and maintained their principal place of employment in Hartford. The parties were traveling in Tennessee in the course of their employment when the collision

[2] General Statutes § 31-293 provides in pertinent part: "LIABILITY OF THIRD PERSONS TO EMPLOYER AND EMPLOYEE. When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee."

General Statutes § 31-293a states in pertinent part: "NO RIGHT AGAINST FELLOW EMPLOYEE; EXCEPTION. If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle as defined in section 14-1 . . . ."

occurred and both parties received workers' compensation benefits under General Statutes §§ 31-275 through 31-355 as a result of the accident.

The defendant filed a special defense in which she claimed that the plaintiff's action was barred by Tennessee law which does not permit one employee to sue another in negligence for injuries arising within the scope of their employment. Connecticut law imposes no such barrier. General Statutes §§ 31-293, 31-293a. The defendant argued that Tennessee law applied because the plaintiff's injuries occurred in Tennessee. The trial court denied the plaintiff's motion to strike the special defense and summary judgment was entered in favor of the defendant. The plaintiff appeals from the summary judgment and the court's denial of her motion to strike the special defense.

### CONTRACT CHOICE OF LAW

The plaintiff, citing *Morin* v. *Lemieux,* 179 Conn. 501, 427 A.2d 397 (1980), contends that this court should apply the law of Connecticut, the place where the employment contract was made, to determine whether the court erred in denying her motion to strike the special defense. Although the contract choice of law rule is a certain one, easily applied, this approach would present several problems in determining whether an employee can properly avail herself of supplemental workers' compensation remedies such as the tort action against a third party provided by General Statutes § 31-293. First, such a rule would serve to preclude the successive incremental awards sanctioned by *Thomas* v. *Washington Gas Light Co.,* 448 U.S. 261, 100 S. Ct. 2647, 65 L. Ed. 2d 757 (1980); *Industrial Commission of Wisconsin* v. *McCartin,* 330 U.S. 622, 67

S. Ct. 886, 91 L. Ed. 1140 (1947); Restatement (Second), 1 Conflict of Laws § 182, comment b;[3] Restatement, Conflict of Laws § 403;[4] 4 Larson, Workmen's Compensation Law § 85.60, pp. 16-29–16-30; because the employment contract is typically made in only one jurisdiction. Where the contract was not made in Connecticut, remedies provided by the Connecticut Workers' Compensation Act would not apply. Were all or even a substantial number of jurisdictions to adopt this approach, an employee's effort to maximize her compensation benefits and remedies would be frustrated because relief would be limited to that provided by the jurisdiction where the contract was made.

A second problem encountered by this approach is the possibility that an employer can avoid the full extent of potential liability imposed by the Connecticut Workers' Compensation Act simply by making the contract elsewhere, even though all other incidents of employment, such as the place of performance, the employee's residence and the employer's place of business, are in Connecticut. In addition, jurisdictions which have adhered to the con-

---

[3] *"Effect of previous award.* The Supreme Court of the United States has held that an award made under the workmen's compensation statute of a State of the United States will not bar a proceeding against the same person under the applicable statute of a sister State, unless the first State has declared by statute or by court decision that its remedy, if pursued to an award, should be exclusive. Industrial Commission of Wisconsin v. McCartin, 330 U.S. 622 (1947); Magnolia Petroleum Co. v. Hunt, 320 U.S. 430 (1943).

"In any event, the amount paid on the prior award in the first State will be credited against a second award." Restatement (Second), 1 Conflict of Laws § 182, comment b.

[4] "Award already had under the Workmen's Compensation Act of another state will not bar a proceeding under an applicable Act, but the amount paid on a prior award in another state will be credited on the second award." Restatement, Conflict of Laws § 403.

tract choice of law rule have become immersed in disputes over contract law to determine where the employment contract was made, disputes which bear no relationship to the purpose of the Workers' Compensation Act. As Professor Larson has stated: "Probably the ultimate blame for these rather artificial arguments [to determine where the employment contract was made] and attempted evasions [to avoid the sometimes harsh results of the rule's application to the injured employee] rests on the unrealistic character of the place-of-contract test when construed to depend upon the sheer formality of being physically present in a particular geographical subdivision when a signature is scrawled or a word spoken into a telephone mouthpiece. There is nothing in this technicality of relevance to the choice of an appropriate statute for practical compensation purposes." 4 Larson, supra, § 87.39, pp. 16-83–16-84. The contract choice of law approach is particularly inappropriate in an action such as this where there is no contract between the parties who are fellow employees.

TORT CHOICE OF LAW

The defendant, citing *Gibson* v. *Fullin,* 172 Conn. 407, 411, 374 A.2d 1061 (1977), argues that this court should apply the law of Tennessee, the place where the plaintiff's injuries were sustained, because the action brought by the plaintiff is a tort. This choice of law rule is also certain and easy to apply. But like the contract choice of law approach, the place-of-the-injury rule affords only an unsatisfactory resolution to the workers' compensation choice of laws problem.

The application of Connecticut's tort choice of law principles to compensation cases would bestow

upon temporary visitors injured in Connecticut all the relief which the Connecticut compensation act affords, but deny that same relief to Connecticut residents injured while on temporary business outside the state, even when all other incidents of employment, such as in this case, are in Connecticut. Moreover, if this court were to adhere to a strict application of the place-of-the-injury rule, a Connecticut resident and employee of a Connecticut employer under a Connecticut contract, who was injured while on temporary business in another jurisdiction might be left with no tort remedy whatsoever if that other jurisdiction applied a different choice of law rule. For example, if the other jurisdiction applied the contract choice of law rule supported by the plaintiff, the lack of symmetry between the jurisdictions would leave the employee unable to satisfy either state's choice of law rules and the compensation commissioners unable to award a remedy. 4 Larson, supra § 84.20, pp. 16-3, 16-7–16-8; see, e.g., *House* v. *State Industrial Accident Commission,* 167 Or. 257, 117 P.2d 611 (1941).

The Connecticut Workers' Compensation Act defines "employee" as "any person who has entered into or works under any contract of service or apprenticeship with an employer, whether such contract contemplates the performance of duties within or without the state . . . ." General Statutes § 31-275. Under §§ 31-293 and 31-293a, such employees may be entitled to damages against fellow employees as well as compensation.[5] The act clearly contemplates an award of damages against the defendant for injuries arising out of and in the course of the plaintiff's employment while she tem-

[5] See footnote 2, supra.

porarily performed duties in Tennessee. This is still another reason for rejecting the place-of-the-injury rule argued by the defendant. Given the inapplicability of tort choice of law rules to conflict of laws problems in the workers' compensation area, there is no reason to discuss the plaintiff's interpretation of Tennessee law or her argument that the rule of lex loci delicti enunciated in *Gibson* v. *Fullin*, supra, 411, and prior cases should be overruled.[6]

### WORKERS' COMPENSATION CHOICE OF LAW

The proper choice of law rules to apply in determining whether the trial court erred in denying the plaintiff's motion to strike the special defense are the rules traditionally applied to workers' compensation conflicts cases. Although there are various widely accepted approaches, all of which have been constructed within the workers' compensation framework, each of these approaches compels the conclusion that the trial court erred in denying the plaintiff's motion to strike and in rendering summary judgment.

In *Thomas* v. *Washington Gas Light Co.*, 448 U.S. 261, 100 S. Ct. 2647, 65 L. Ed. 2d 757 (1980), the United States Supreme Court adhered to an interests analysis approach to determine whether the District of Columbia could award supplemental benefits to an employee who had already received compensation in the state of Virginia without violating the full faith and credit clause of the United States constitution. The employee was a resident of the District and was hired by a company in the District. Although he worked primarily in the Dis-

---

[6] In view of the position we take on this case it is also unnecessary to compare the differing views of the parties regarding the applicable Tennessee law.

trict of Columbia, he also worked in Virginia where he was injured. Virginia law excluded any other remedy "at common law or otherwise" on account of the injury in Virginia. The court held that "a State has no legitimate interest within the context of our federal system in preventing another State from granting a supplemental compensation award when that second State would have had the power to apply its workmen's compensation law in the first instance. The Full Faith and Credit Clause should not be construed to preclude successive workmen's compensation awards." Id., 286.

In this case the plaintiff received workers' compensation under Connecticut law. The parties do not question the propriety of such an award. Connecticut's interest in compensating the injured employee, a Connecticut resident, to the fullest extent possible is clear and legitimate. Connecticut's other articulable interest lies in permitting the plaintiff's employer, a Connecticut corporation, to recover from the defendant the amount of compensation already paid or to be paid in the future under General Statutes § 31-293. Although Tennessee did not in fact award compensation to the plaintiff in this case, there is no question that Tennessee could have compensated the plaintiff had she applied for compensation there because the state of the injury has an interest in compensating employees injured within its borders. *Carroll* v. *Lanza*, 349 U.S. 408, 75 S. Ct. 804, 99 L. Ed. 1183 (1955). To this extent the two states' interests coincide. Tennessee's interest in limiting the liability of employers doing business in Tennessee is "not of controlling importance"; *Thomas* v. *Washington Gas Light Co.*, supra, 280; particularly on the facts of this case. Just as Virginia had no

legitimate interest in preventing the District of Columbia from awarding relief supplemental to that awarded in Virginia, Tennessee has no legitimate interest in preventing Connecticut from providing the injured employee with a right of action for damages against a third party, particularly where both the employee and the alleged tortfeasor are Connecticut residents, the employer is a Connecticut corporation and the employee was hired and is principally employed in Connecticut.

Beyond an interest analysis, both the second Restatement of Conflict of Laws and Professor Larson's treatise on workers' compensation; Restatement (Second), 1 Conflict of Laws § 181; 4 Larson, Workmen's Compensation Law § 87.40, pp. 16-84–16-95; suggest approaches which lead to the same result. The Restatement provides that: "A State of the United States may consistently with the requirements of due process award relief [not merely compensation] to a person under its workmen's compensation statute, if (a) the person is injured in the State, or (b) the employment is principally located in the State, or (c) the employer supervised the employee's activities from a place of business in the State, or (d) the State is that of most significant relationship to the contract of employment with respect to the issue of workmen's compensation under the rules of §§ 187-188 and 196, or (e) the parties have agreed in the contract of employment or otherwise that their rights should be determined under the workmen's compensation act of the State, or (f) the State has some other reasonable relationship to the occurrence, the parties and the employment." Restatement (Second), 1 Conflict of Laws § 181. On the facts of this case, the right of action provided by the Workers' Com-

pensation Act is clearly available to the plaintiff under (b), (d) or (f) above. The action may also be available to the plaintiff under criterion (c) upon a showing of additional supporting facts.

According to Professor Larson, the applicable law in a workers' compensation case is the law of the place of the employment relation, because "the existence of the employer-employee relation within the state gives the state an interest in controlling the incidents of that relation, one of which incidents is the right to receive and the obligation to pay compensation." 4 Larson, supra, § 87.40, p. 16-84. There is no question that the employment relation in this case exists in Connecticut, not in Tennessee. For all of the foregoing reasons, the right of action provided by the Connecticut Workers' Compensation Act cannot be denied the plaintiff by Tennessee law.

There is error, the judgment is set aside and the case is remanded with direction to grant the plaintiff's motion to strike the special defense.

In this opinion the other judges concurred.