[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is the third-party defendant's, A. Anastasio and Sons Trucking Company, Inc., motion to strike the third-party complaint filed by the third-party plaintiff, Romel Iron Works.
The parties do not dispute these facts. The plaintiff, Chester Carolina, a citizen of Connecticut and truck driver employed by A. Anastasio and Sons Trucking Company, Inc. of New Haven (Anastasio Trucking), was injured in the course of his employment on May 15, 1989. While unloading a delivery of steel beams on the premises of the defendant, Romel Iron Works, a New York corporation located in Brooklyn, New York, Carolina was struck by a beam and injured. Carolina subsequently claimed and received worker's compensation benefits through Anastasio Trucking.
On May 22, 1991, Carolina instituted the present action against Romel Iron Works. On June 17, 1994, the court, Schimelman, J., granted Anastasio Trucking's motion to intervene as a co-plaintiff to recover payments made to or for Carolina's benefit as a result of Romel Iron Works' negligence. On February 7, 1994, this court granted Romel Iron Works' motion to implead Anastasio Trucking as a third-party defendant. In its third-party complaint filed on November 18, 1993, Romel Iron Works seeks contribution and indemnification from Anastasio Trucking for negligently training and supervising Carolina.
In its "Memorandum of Law in Support of Motion to Implead Third-Party Defendant" filed November 18, 1993, Romel Iron Works admitted that this action is barred under General Statutes § 31-275, but urges this court to apply New York's workmen's compensation laws which allow the action.
On March 9, 1994, Anastasio Trucking filed a motion to strike the third-party complaint on the ground that Romel Iron Works CT Page 12490 failed to state a legally cognizable cause of action. In its motion to strike, Anastasio Trucking states "[s]pecifically, said Third-Party Complaint seeks indemnification from Third-Party Defendant Anastasio and Sons Trucking Company, Inc. when any such claim is barred by operation of Section 31-284 of the Connecticut General Statutes, or the `exclusivity provisions' of Connecticut's Workers' Compensation Laws." In its memorandum, Anastasio Trucking presents a second ground to strike the third-party complaint, that is, that Romel Iron Works failed to properly allege an independent legal relationship.
As a preliminary matter, this court considers the issue of whether the workers' compensation law of Connecticut or New York applies to the present case.
The Connecticut Supreme Court has rejected both the "place of contract conflict of laws approach" and the "doctrine of lex loci delicti" in "determining whether a claimant was entitled to receive benefits under our Workers' Compensation Act." Clevelandv. U.S. Printing Ink, Inc., 218 Conn. 181, 189-90. The Cleveland
court concluded "that the conflict of laws rule recommended by the [National Commission on State Workmen's Compensation Laws] and Professor Larson, adopted in the majority of jurisdictions, is the rule best suited to serve the purposes of our Workers' Compensation Act." Id. 193. This rule states that "[i]n the majority of states, the local statute will be applied if the place of injury, or the place of hiring, or the place of employment relation is within the state." (Emphasis in original.) Id. 192. "The remedial purpose of our Worker's Compensation Act supports application of its provisions in cases where an injured employee seeks an award of benefits and Connecticut is the place of injury, the place of the employment contract or the place of the employment relation." Id. 195. See Simaitis v. Flood,182 Conn. 24, 31-33. (Connecticut adopted use of Restatement in Worker's Compensation cases and cited with approval Thomas v.Washington Gas Light Co., 448 U.S. 261 (1980) in which an "interest analysis approach" was used).
The plaintiff, Carolina, is a citizen of Connecticut and employed by a Connecticut company, Anastasio Trucking. Connecticut is both the place of hiring and the place of the employment relation. Anastasio Trucking paid worker's compensation benefits to Carolina in accordance with Connecticut statutes. CT Page 12491
Connecticut case law supports the application of Connecticut worker's compensation laws in the present action. Cleveland v.U.S. Printing Ink, Inc., supra, 218 Conn. 181; Simaitis v. Flood, supra, 182 Conn. 24; Morin v. Lemieux, 179 Conn. 501, (injury in Virginia, employment contract in Connecticut).
The ground set forth by Anastasio Trucking in its motion to strike the third-party complaint is that Romel Iron Works' claim for indemnification is barred by the exclusivity provision of Connecticut's workers' compensation law, General Statutes § 31-284. Anastasio Trucking offered the court a second ground for striking the third-party complaint in its memorandum of law in support of its motion, arguing that Romel Iron Works failed to allege an independent legal relationship between itself and Anastasio Trucking to overcome the exclusivity provision of § 31-284. SeeFerryman v. Groton, 212 C 138 as to each issue.
General Statutes § 31-284 (a) states in pertinent part that "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees. . . . All rights and claims between employer and employees . . . are abolished other than rights and claims given by this chapter. . . ." Romel Iron Works conceded in its memorandum of law in support of motion to implead third-party defendant that "the claim which is being asserted against the proposed third-party defendant would be barred under Connecticut General Statutes Section § 31-275. . . ."
Romel Iron Works' claim against Anastasio Trucking is barred by the exclusivity provisions in Section 31-284 (a) of the General Statutes. Ferryman v. Groton, supra.
"The Workmen's Compensation Act, however, is not a bar to indemnity where such a right can be predicated on some legal relationship between the third party and employer giving rise to a duty on the part of the employer to the third party which is either contractually or tortiously breached." Ranta v. BethlehemSteel Corp. , supra, 287 F. Sup. 113. See also Maccarone v.Hawley, 7 Conn. App. 19, (third-party action for indemnification barred absent independent legal relationship); Marble v. BassTransportation Co., 40 Conn. Sup. 253, (third-party action for indemnification barred absent independent legal relationship);A.A. Equipment, Inc. v. Farmoil, Inc., supra, 31 Conn. Sup. 322
(third-party action for indemnification barred absent independent CT Page 12492 legal relationship); Ferryman v. Groton, supra.
Romel Iron Works has not alleged facts from which it could be found that an independent legal relationship existed between Anastasio Trucking and Romel Iron Works. Therefore, under Connecticut law the third-party complaint is legally insufficient.
Accordingly, the motion to strike is granted.
Ronald J. Fracasse, Judge