[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #105
The plaintiff, Joan Johnson, as parent and next friend of the minor plaintiff, Meagan Johnson, brings this action pursuant to General Statutes § 22-357 to recover for injuries sustained by the minor plaintiff when she was allegedly attacked by a dog owned by the defendant, Hendrikus Van Driel. It is alleged that all of the parties are Connecticut domiciliaries. In a revised complaint filed on September 20, 1994, the plaintiffs allege that on June 27, 1992, the minor plaintiff was attacked by the defendant's dog while on premises located in New York.
On October 13, 1994, the defendant filed a motion to strike the revised complaint (#105) on the ground that the law of New York applies, and therefore, General Statutes § 22-357 is not applicable. Thus, the defendant contends that the plaintiffs' cause of action is legally insufficient because it is based on an inapplicable statute. The plaintiffs filed an "objection" to the motion to strike on January 4, 1995.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems. Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). "The allegations of the pleadings are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985). CT Page 467
The issue to be resolved on this motion is whether the court should apply the law of Connecticut or the law of New York to the present case. The law of Connecticut with respect to an owner's liability for injuries caused by his or her dog is stated in General Statutes § 22-357, which provides that:
 If any dog does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog.
Under New York law, a plaintiff who seeks to recover against the dog's owner for personal injuries caused by the dog must prove that the dog possessed vicious propensities and that the owner knew or should have known of these propensities. See DeVaul v. Cargivo,Inc., 526 N.Y.S.2d 483, 484 (App.Div. 1988).
Connecticut does not strictly adhere to the "doctrine that substantive rights and obligations arising out of a tort controversy are determined by the law of the place of injury, or lex loci delecti." Williams v. State Farm Mutual Automobile Ins.Co., 229 Conn. 359, 370, 641 A.2d 783 (1994). See also O'Connor v.O'Connor, 201 Conn. 632, 648, 519 A.2d 13 (1986) (Connecticut law applied where both plaintiff and defendant were Connecticut domiciliaries and motor vehicle accident occurred in Quebec);Simaitis v. Flood, 182 Conn. 24, 33, 437 A.2d 828 (1980) (Connecticut law applies where plaintiff, injured during the course of his employment while travelling in Tennessee, and defendant were both Connecticut domiciliaries employed by a Connecticut corporation); Schereschewsky v. Lynch, Superior Court, JD of Litchfield, DN. 52140 3 CONN. L. RPTR. 83 (January 2, 1991) (Pickett, J.) (Connecticut law applied where both plaintiff and defendant were Connecticut domiciliaries and motor vehicle accident occurred in Mexico). But see Tolsdorf v. Maskowski, Superior Court, JD of Tolland at Rockville, DN. 49742 6 CONN. L. RPTR. 359 (April 28, 1992) (Sferrazza, J.) (Vermont law applied where plaintiffs and defendants were Connecticut domiciliaries and dog bite incident occurred in Vermont).
The relevant factors for deciding which law applies appear in the Restatement 2d, Conflict of Laws, § 145. Under this approach, CT Page 468 the court must ascertain which of the two states has the most significant relationship to the occurrence and the parties.O'Connor v. O'Connor, supra, 201 Conn. 652. The factors the court must consider are: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile or residence of the parties; and (d) the place where the relationship between the parties is centered. Id.
In the present case, it is alleged that the injury occurred in New York. The court reasons that if the conduct that caused the injury is viewed as the dog's act of biting the minor plaintiff, then this conduct occurred in New York as well. The plaintiffs and the defendant, however, are Connecticut domiciliaries. It is noteworthy that there are no allegations or indications that the dog was registered or licensed in New York, or was a resident of New York. There is an inference under the facts alleged in the complaint that the dog resided in Connecticut with the defendant.
The court finds that Connecticut's interest in the present case is significant, as the parties are all Connecticut domiciliaries; that the parties' connections to Connecticut are of greater importance than the fact that the injury fortuitously occurred while the parties were in New York; that to the extent that the parties might have anticipated being involved in a dog bite incident, they could reasonably have expected to be subject to the provisions of Connecticut's dog bite statute. In such a case, "Connecticut has a strong interest in assuring that the plaintiff may avail herself of the full scope of remedies for tortious conduct that Connecticut law affords." O'Connor v. O'Connor, supra,201 Conn. 657. The court concludes that New York's interest in having its law applied to a controversy between Connecticut domiciliaries which is being litigated in a Connecticut court appears to be minimal at best. Therefore, the court denies the defendant's motion to strike.