MANUEL C. PIMENTAL ET AL. *v.* CHERNE
INDUSTRIES, INC., ET AL.
(AC 16231)

O'Connell, Lavery and Landau, Js.

---

Argued May 28—officially released August 5, 1997

*Jeffrey R. Martin*, for the appellants (plaintiffs).

*Michael F. O'Connor*, for the appellees (defendant town of Groton et al.).

*Opinion*

LAVERY, J. The plaintiffs, Manuel C. Pimental and United States Fidelity and Guaranty Company (USF&G), appeal from the judgment of the trial court granting the defendants'[1] motion for summary judgment in this negligence case. On appeal, the plaintiffs contend that the trial court improperly applied Connecticut law, which does not permit an injured employee's workers' compensation carrier to bring a direct action to assert its subrogation rights, when it should have applied the law of Massachusetts, which would support such an action.[2] We agree with the plaintiffs.

---

[1] There are three remaining defendants in this case: Anthony Nenna, the town of Groton and Cherne Industries, Inc. The plaintiffs are appealing from the trial court's judgment rendered on the granting of a motion for summary judgment filed by only two of the defendants, Nenna and Groton.

[2] Mass. Gen. Laws c. 152, § 15 (1986) provides in relevant part: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages

The following facts and procedural history are necessary for the disposition of this appeal. On August 30, 1990, Pimental sustained physical injuries when a sewer repair device[3] exploded during the course of his employment at a sewer repair project in the town of Groton. At the time of the explosion, Pimental, a resident of Massachusetts, was employed by Middlesex Corporation, a Massachusetts corporation having its principal place of business in that state.

Pimental applied for workers' compensation benefits in Massachusetts and was paid in accordance with the provisions of the Massachusetts workers' compensation laws. Pimental, USF&G[4] and Middlesex Corporation sued Cherne Industries, Inc.,[5] the town of Groton, Groton's employee Anthony Nenna, and Miller Contracting Corporation (Miller), which was a subcontractor on the project. Middlesex Corporation subsequently withdrew its claims and Miller's motion for summary judgment was successful.

Pimental's claim against Cherne Industries, Inc., sounds in product liability. Pimental's claims against Nenna and Groton, however, are based on Nenna's alleged negligence and, therefore, the vicarious liability of Groton as Nenna's employer. USF&G's claim against Groton and Nenna asserts subrogation rights that arose pursuant to Massachusetts law. Groton and Nenna subsequently moved for summary judgment against USF&G only. These two defendants claimed that under Connecticut law, USF&G had no right to bring a direct action to assert its subrogation or lien rights. The trial

in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person, but the insurer may not do so unless compensation has been paid . . . ."

[3] This sewer repair device is known as a "muniball."

[4] USF&G is Pimental's workers' compensation carrier.

[5] Cherne Industries, Inc., is the seller of the muniball.

court, applying Connecticut law, granted Nenna and Groton's motion for summary judgment against USF&G. The trial court concluded that USF&G had no right under Connecticut law to maintain its action against Nenna and Groton. Pimental and USF&G now appeal from the decision of the trial court granting the defendants' motion for summary judgment.

The proper choice of law rules that apply in determining whether the trial court properly granted the defendant's motion for summary judgment are those traditionally applied to workers' compensation conflicts cases. Our Supreme Court has set forth the applicable analysis in *Simaitis* v. *Flood*, 182 Conn. 24, 437 A.2d 828 (1980), and, accordingly, we follow its reasoning.

"In *Thomas* v. *Washington Gas Light Co.*, 448 U.S. 261, 100 S. Ct. 2647, 65 L. Ed. 2d 757 (1980), the United States Supreme Court adhered to an interests analysis approach to determine whether the District of Columbia could award supplemental benefits to an employee who had already received compensation in the state of Virginia without violating the full faith and credit clause of the United States constitution. The employee was a resident of the District and was hired by a company in the District. Although he worked primarily in the District of Columbia, he also worked in Virginia where he was injured. Virginia law excluded any other remedy 'at common law or otherwise' on account of the injury in Virginia. The court held that 'a State has no legitimate interest within the context of our federal system in preventing another State from granting a supplemental compensation award when that second State would have had the power to apply its workmen's compensation law in the first instance. The Full Faith and Credit Clause should not be construed to preclude successive workmen's compensation awards.' Id., 286." *Simaitis* v. *Flood*, supra, 182 Conn. 31–32.

In the present case, Pimental received workers' compensation under Massachusetts law. Massachusetts' interest in compensating the injured employee, a Massachusetts resident, to the fullest extent possible is clear and legitimate. Massachusetts' other articulable interest lies in permitting Pimental's employer, a Massachusetts corporation, to recover from the defendants the amount of compensation already paid or to be paid in the future under Massachusetts law. Connecticut's interest in limiting the liability of employers doing business in Connecticut "is not of controlling importance"; *Thomas* v. *Washington Gas Light Co.*, supra, 448 U.S. 280; particularly on the facts of this case. Just as Virginia had no legitimate interest in preventing the District of Columbia from awarding relief supplemental to that awarded in Virginia, Connecticut has no legitimate interest in preventing Massachusetts from providing employers with a right of action for damages against a third party, where both the employee and the employer are residents of Massachusetts.

Just as our Supreme Court did in *Simaitis* v. *Flood*, supra, 182 Conn. 24, we, too, look beyond an interest analysis and examine the Restatement (Second) of Conflict of Laws and Professor Larson's treatise on workers' compensation; 1 Restatement (Second), Conflict of Laws § 181 (1971); 4 A. Larson, Workers' Compensation Law (1997) § 87.40, pp. 16-84 through 16-95; which suggest approaches that lead to the same result. "The Restatement provides that: 'A State of the United States may consistently with the requirements of due process award relief [not merely compensation] to a person under its workmen's compensation statute, if (a) the person is injured in the State, or (b) the employment is principally located in the State, or (c) the employer supervised the employee's activities from a place of business in the State, or (d) the State is that of most significant relationship to the contract of employment

with respect to the issue of workmen's compensation under the rules of §§ 187–188 and 196, or (e) the parties have agreed in the contract of employment or otherwise that their rights should be determined under the workmen's compensation act of the State, or (f) the State has some other reasonable relationship to the occurrence, the parties and the employment.' Restatement (Second), 1 Conflict of Laws 181." *Simaitis* v. *Flood*, supra, 33. On the facts of this case, the right of action provided by Massachusetts law is clearly available to the plaintiffs under (b), (c) or (d) of the Restatement.

Further, "[a]ccording to Professor Larson, the applicable law in a workers' compensation case is the law of the place of the employment relation, because 'the existence of the employer-employee relation within the state gives the state an interest in controlling the incidents of that relation, one of which incidents is the right to receive and the obligation to pay compensation.' 4 Larson, supra, § 87.40, p. 16-84." *Simaitis* v. *Flood*, supra, 182 Conn. 34. Here, it is clear that the employment relation exists in Massachusetts, not in Connecticut. Although there are various widely accepted approaches, each one compels the conclusion that the trial court should have applied Massachusetts law in this case.

The defendants and the trial court, however, rely on *Cleveland* v. *U.S. Printing Ink, Inc.*, 218 Conn. 181, 588 A.2d 194 (1991), for the proposition that the law of Connecticut should have been applied in this case. This reliance is misplaced. *Cleveland* addressed the issue of whether an injured employee can receive workers' compensation benefits in Connecticut. Id., 192. *Cleveland* does not address the choice of law to be applied to workers' compensation issues in the context of third party tort actions, which is the issue in this appeal. *Simaitis*, however, does address these issues and is controlling here.

In sum, we conclude that the trial court should have applied the law of Massachusetts in this case, and since Massachusetts law specifically provides for a direct action by the workers' compensation carrier against a tortfeasor, pursuant to Mass. Gen. Laws c. 152, § 15 (1986), the trial court improperly granted the defendants' motion for summary judgment.

The judgment is reversed and the case is remanded with direction to deny the motion for summary judgment and for further proceedings.

In this opinion the other judges concurred.

