[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case came before this court for a determination whether $48,024.69 is to be deducted from the jury's verdict in favor of plaintiff Billy Clayton in the amount of $141,600.00. The defendants claim that the $48,024.69 at issue is a collateral source payment deductible from the verdict pursuant to Sec. 52-225a C.G.S. The plaintiff and intervening plaintiff take the position that the payments are subject to a legally recognized right of subrogation by the insurer that paid them and should therefore not be deducted from the verdict. Despite the fact that the defendants' claim affects only $48,024.69, they have not paid plaintiff Clayton the portion of the jury verdict in his favor that is not in dispute.
As an initial issue, the plaintiffs claim that the defendant failed to file its motion to reduce the verdict within ten days CT Page 13835 of the verdict, as is provided by § 320 and 320A P.B. Section 320 P.B. provides that the ten-day deadline may be extended for good cause shown. Though the defendants did not file their motion until October 14, 1997, more than ten days after the jury verdict was accepted by the court on September 24, 1997, the court finds that good cause existed for the late filing. At the inception of trial, counsel for all parties had stated on the record the expectation that a dispute concerning the nature of the payments made on behalf of Dennis Truck Lines would be the source of a collateral source hearing. The defendant justifiably relied on this stipulation in initially believing that it was not necessary to file a motion to raise the dispute already identified.
Sec. 52-225a(a) C.G.S. specifies that there should be no reduction for "(1) a collateral source for which a right of subrogation exists." The plaintiffs have presented evidence that establishes that the payments received by Billy Clayton from employee benefits coverage furnished by his employer, intervening plaintiff Dennis Truck Lines, are subject to a statutory and contractual right of subrogation (see Ex. 3). The defendant takes the position that the right of subrogation is not cognizable because § 52-225c C.G.S. provides that "no insurer or any other person providing collateral source benefits as defined in § 52-225b shall be entitled to recover the amount of such benefits from the defendant or any other person or entity as a result of any claim or action for damages for personal injury. . ." "[u]nless otherwise provided by law."
While the defendants acknowledge that an employer that is subject to the requirements of the Connecticut Worker's Compensation Act and that provides worker's compensation benefits to an injured employee has a lien or subrogation right pursuant to § 31-293 C.G.S., the defendants take the position that the intervening plaintiff's payments should not be afforded the same treatment because they were made pursuant to a Georgia statute that allows employers to provide either worker's compensation insurance or insurance in lieu of compensation. Ga. Code Ann. § 34-9-14. The Georgia statute provides at § 34-9-14(3), that such a substitute system "must contain all provisions required of a standard policy of workers' compensation insurance issued in this state, including a workers' compensation benefits policy. . . ." Georgia law, at Ga. Code Ann. § 34-9-11.1(b) specifically provides that the employer "shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against [the injured employee's] CT Page 13836 recovery."
Ga. Code Ann. § 34-9-11.1(b) clearly constitutes a statutory right of subrogation for the benefits at issue. The defendants claim that it is not a valid right of subrogation and is therefore not cognizable pursuant to § 52-225c, which, as has been detailed above, precludes subrogation agreements "unless otherwise provided by law." The defendants argue that the only cognizable subrogation rights are those created by Connecticut law, and that the lien created by Georgia law should not be recognized as valid.
The evidence adduced indicates that the $48,024.69 received by Billy Clayton was paid pursuant to an employee benefit plan administered by Allen Medical Claims Administrators, Inc. as an "in lieu of" worker's compensation plan authorized by Georgia law, as cited above. The issue before this court is not whether these benefits constitute worker's compensation insurance, but whether they constitute "a collateral source for which a right of subrogation exists," pursuant to § 52-225a.
The defendants have not cited any Georgia case law holding that payments made under that state's "in lieu of" insurance scheme are not entitled to the right of subrogation set forth in Ga. Code Ann. § 34-9-11.1(b), and the wording of the statute suggests no such exclusion.
On its face, § 52-225a is not limited to rights of subrogation created by Connecticut law; and § 52-225c does not limit the validity of subrogation agreements to those authorized by Connecticut law but extends to such rights if "authorized by law." Moreover, the Appellate Court has recently ruled that an employer's recovery rights under the law of the state of employment are to be given full faith and credit in Connecticut's courts. Pimental v. Cherne Industries. Inc.,46 Conn. App. 142, 148 (1997).
For the foregoing reasons, this court finds that the sum at issue is subject to valid subrogation rights and is not to be deducted from the amount that the defendant must pay plaintiff Clayton pursuant to the jury verdict of September 24, 1997.
Plaintiff Clayton has moved for an award of interest for the period between the verdict and the entry of judgment pursuant to § 37-3a Conn. Gen. Stat., which authorizes an award of CT Page 13837 interest for the wrongful retention of money after it has come due. As to the $48,024.69 in dispute, that motion is denied since there was a genuine issue whether that amount did or did not constitute an offsettable collateral source. The defendant has not paid the remainder of the verdict, the $93,575.31 that is unaffected by the collateral source claim. The court finds that interest at the rate of ten percent from September 24, 1997 to date is $1,768.96 and that plaintiff Clayton is entitled to recover that amount from the defendant as part of the judgment herein.
CONCLUSION
The court having rejected the defendants' claim that the verdict should be reduced by amounts claimed to constitute a collateral source, judgment shall enter in favor of the plaintiff, Billy Clayton, in the amount of $141,600.00 plus interest in the amount of $1,768.96. No post-verdict motions having been filed as to the portion of the jury verdict that decided the claim of plaintiff George Amos, judgment shall enter in his favor against the defendants in the amount of the verdict, $9,000.00. The plaintiffs shall recover their statutory court costs.
HODGSON J.