[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DATED JANUARY 29, 2003 (#115.00)
ISSUES
The defendants Joel F. Vasquez and Percy Montes move for Summary Judgment on the basis that New York Workers' Compensation Law bars this cause of action after applying the conflicts of law rules of Simaitis v.Flood, 182 Conn. 24 (1980).
 FACTS
On June 19, 2001 a two-truck collision occurred on King Street in Greenwich, Connecticut very near its border with New York. There were nine men in the cab of pick-up truck with seating space for five. The plaintiff, Jaime Silverio Tello Brito, was a passenger in the pick-up truck. The defendant, Joel F. Vasquez, was its operator and the defendant, Percy Montes, was the owner of the pick-up truck. The remaining two defendants were the operator and owner of the other truck. The plaintiff sustained severe and disabling injuries. One passenger of the pick-up truck died and others were injured. Criminal charges are currently pending against the defendant, Joel F. Vasquez.
The plaintiff alleges in paragraph 11; "That at all times mentioned, the plaintiff, Jaime Silverio Tello Brito, was employed by Primo Landscaping Company;" and in paragraph 12 "Upon information and belief, at all times herein after mentioned, defendants, Joel F. Vasquez and Percy Montes were employed by Primo Landscaping Company."
On January 29, 2003 the defendants, Vasquez and Montes, filed a Motion For Summary Judgment on all portions of the complaint directed to them. The defendants' supporting memorandum of law acknowledges that Connecticut Workers' Compensation Statutes permits a direct suit by an employee against a fellow employee arising out of the operation of a motor vehicle. General Statutes § 31-293a. The defendants' motion is CT Page 3288 based on the following claim: "Under Connecticut case law and choice of law rules the plaintiffs' claims against Vasquez and Montes are governed by the New York Workers' Compensation Law. Vasquez is entitled to summary judgment because he is immune from Brito's causes of action under § 29.6 of the New York Workers' Compensation Law." Montes claims similar immunity from suit. The defendants state that: "Unlike Connecticut, New York law contains no exception for cases arising from motor vehicle accidents." Defendants' Memorandum of Law January 29, 2003, p. 10.
 CONCLUSIONS
There exists a material issue of fact as to whether the plaintiff's injuries occurred in the course of his employment. There are three elements in proof of course of employment: the accident giving rise to the injury took place (a) within the period of employment; (b) at a place the employee may reasonably have been; and (c) while the employee was reasonably fulfilling the duties of the employment or doing something incidental to it. "The question crucial to our determination of whether an injury occurred in the course of employment is whether the injured employee was performing some task incidental to (his) employment, or was engaged in a substantial deviation from (his) employment. In answering this question, no bright line test distinguishes activities that are incidental to employment from those that constitute a substantial deviation therefrom . . . The question of deviation is typically one of fact for the trier." Kolomiets v. Syncor International Corp. ,252 Conn. 261, 267-68 (2000): Larke v. Hancock Mutual Life InsuranceCo., 90 Conn. 303, 308 (1916)
The plaintiffs did not judicially admit that the plaintiffs' injuries occurred in the course of the plaintiffs' employment as the defendant claims on pages 2, lines 2-4, and page 11, lines 7-11 of their Memorandum of Law dated January 29, 2003 Pleading 116.00. Paragraphs 11, 12, 13, 16, 17 and 18 of the plaintiffs' Second Revised Complaint dated June 12, 2002 do not allege that the plaintiff was "in the course of his employment" at the time of the accident.
In the plaintiff's deposition, he said he left work at 5:30 p.m. and the police report states the accident occurred at 5:42 p.m. According to the plaintiff's deposition testimony, he had completed his work duties and was on his way home as a passenger in the pick-up truck when the accident occurred. Such facts may indicate that the plaintiff at 5:42 p.m. was not in the course of his employment. Kish v. Nursing HomeCare, Inc., 248 Conn. 379, 391 (1999); Kolomiets v. Syncor InternationalCorp., supra, 252 Conn. 269. CT Page 3289
As a general matter "an injury sustained by an employee on a public highway while traveling to or from his place of employment is not compensable." True v. Longchamps, Inc., 171 Conn. 476, 478-79 (1976). There are material issues of fact as to the status of the plaintiff in relation to the three elements of Larke v. Hancock, supra, 90 Conn. 308, as of 5:42 p.m., on the date of the accident.
The defendant's claim is that the conflict of law issue must be decided according to the test set forth in Simaitis v. Flood, 182 Conn. 24
(1980). Simaitis discussed the conflict rule in effect in 1980 as to torts and contracts and then established a conflicts rule for Workers' Compensation. The law in Connecticut in these two areas drastically changed since 1980. O'Connor v. O'Connor, 201 Conn. 632, 649-50 (1986) (abandoning tort rule of lex loci), and Reichhold Chemicals, Inc. v.Hartford Accident and Indemnity Co, 243 Conn. 401, 414 (1997) (abandoning contract rule of lex loci contractus). Although the Simaitis rule has been applied after 1980 after O'Connor and Reichhold, the Supreme Court has not confirmed the continued viability of Simaitis v. Flood in light of its underpinnings being removed. Williams v. State Farm MutualAutomobile Insurance Co., 229 Conn. 359, 370-71 (1994); Cleveland v.U.S. Printing Ink, Inc., 218 Conn. 181, 187 (1991); O'Connor v.O'Connor, supra, 201 Conn. 637; Pimental v. Cheme Industries, Inc.,46 Conn. App. 142, 146 (1997); Giorgio v. Nukem, Inc., 31 Conn. App. 169,173, fn 3 (1993); Cleveland v. U.S. Printing Ink, Inc., supra,218 Conn. 195, discussing the conflict rules of Simaitis v. Flood, was a 4-3 decision with Justices Shea, Callahan and Covello dissenting. The dissent discussed O'Connor and Simaitis stating: "By holding Connecticut law to supercede New Jersey law with respect to the amount of compensation to be paid in this case, the opinion implicitly overrulesSimaitis sub silento with respect to its implicit holding that the substantive law of the state with the most significant relationship should control and that the interest of a state in the employment relationship is more significant then any interest arising from the site of an accident. See O'Connor v. O'Connor, supra, 638." Id. 198.
Simaitis v. Flood did not definitely establish one conflict of law test in workers' compensation matters. It found three tests acceptable: (1) the interest analysis approach (2) the most significant relationship analysis in 1 Restatement (Second), Conflicts of Law § 181, p. 537 (1983); and (3) the place of employment relation approach. Reed v.Hathaway, Superior Court, judicial district of New Haven at Meriden, docket number CV96-02543375 (January 16, 2001, Gallagher, J.). Whether or not all three tests, two of them or only one will emerge after the Supreme Court revisits Simaitis v. Flood after O'Connor and Reichhold has not yet been decided. In any event each of the three tests involves an CT Page 3290 intensive factual determination that are better left for trial.
The parties did not brief or argue the continued viability of Simaitisv. Flood. This court should not decide this critical issue without further input from counsel.
The resolution of the conflicts of law issue, regardless of what Workers' Compensation test is used, is fact-intensive. The documents supporting and opposing in the Motion for Summary Judgment are only a small portion of the facts available. The documents presented demonstrate a material issue of fact as to whether the plaintiff was "in the course of his employment" at 5:46 p.m.
"A determination of negligence is necessarily one of fact." Cappiellov. Haselman, 154 Conn. 490, 495 (1967). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth RestaurantCorporation, 164 Conn. 194, 198 (1972); Gould v. Mellick Sexton,66 Conn. App. 542, 556 (2001). "If there are issues of fact, the court may not resolve them without giving the parties a full hearing." Id.
556. Related issues in negligence actions such as motive, intent, subjective feelings and reactions are best left for the trier of fact.Id. 556.
Superior Court decisions cited by the defendants contain no issue as to whether the accident occurred in the "course of employment." The two cited cases concerned accidents that involved both the injured passenger employee and operator employee, both being in the course of their employment. These two cases do not control this Motion for Summary Judgment. Zheng v. Yoan Wah Rental, Superior Court, judicial district of Fairfield, docket number CV97-0348496 (August 26, 1999, Nadeau, J.),25 Conn.L.Rptr 361; Szabo v. Feldicsko, Superior Court, judicial district of Stamford/Norwalk at Stamford docket number CV89-0098939S (October 7, 1992, Rush, J.) (7 Conn.L.Rptr. 390).
"Litigants have a constitutional right to have questions of fact decided by a jury." Seals v. Hickey, 186 Conn. 337, 350 (1982). Regardless of which conflicts of law rules control, their application is a fact-intensive inquiry best to be left to the jury.
For all these reasons the defendants' Motion for Summary Judgment is denied.
 BY THE COURT TIERNEY, J.
CT Page 3291
[EDITORS' NOTE: This page is blank.] CT Page 3292