JENNIFER SNYDER *v.* BARBARA SELDIN ET AL.
(AC 23165)

Foti, Schaller and McLachlan, Js.

Argued December 4, 2003—officially released March 2, 2004

*Johnpatrick C. O'Brien*, for the appellant (plaintiff).

*Karen L. Karpie*, for the appellees (named defendant et al.).

### Opinion

FOTI, J. In this negligence action, the plaintiff, Jennifer Snyder, appeals from the judgment of the trial court rendered after it granted the motion for summary judgment filed by the defendants Barbara Seldin and Lawrence Seldin.[1] On appeal, the plaintiff claims that the defendant's motion should not have been granted because the court improperly determined that New York workers' compensation law was applicable to the

---

[1] Lawrence Seldin also was named as a defendant under a theory of vicarious liability as the owner of the vehicle that was driven by Barbara Seldin in the motor vehicle collision at issue. Although we will use the term "defendant" to refer to Barbara Seldin only, our holding applies to Lawrence Seldin as well.

claim. We disagree with the plaintiff and affirm the judgment of the trial court.

The following facts were stipulated to by the parties and are relevant to our disposition of the plaintiff's claim. At the time of the motor vehicle collision at issue, the plaintiff and the defendant[2] were residents of the state of New York and were both employed by Casual Corner Group, Inc. (Casual Corner), which had its corporate headquarters in Enfield. Furthermore, the plaintiff was principally employed at Casual Corner retail clothing stores in New York since she was hired in 1994.[3]

On November 13, 1997, the plaintiff was a passenger in a motor vehicle operated by the defendant and owned by Lawrence Seldin when they were traveling from New York to a meeting at Casual Corner's corporate headquarters in Connecticut.[4] While traveling on Interstate 95 in Connecticut, the plaintiff and the defendant were involved in a motor vehicle accident. After the accident, the plaintiff received workers' compensation benefits under New York workers' compensation law.

On December 28, 1998, the plaintiff filed the present action, claiming that the accident was caused, in part, by the negligence of the defendant. In her amended answer filed on March 30, 1999, the defendant denied the negligence allegations and asserted by way of special defense that the plaintiff's claims were barred by New York workers' compensation law, which does not permit a negligence action for personal injuries against a coemployee when those injuries are sustained during

---

[2] Gerard Johns, R.J. Guerrera, Inc., and Casual Corner Group, Inc., also were named as defendants. The claim against Gerard Johns and R.J. Guerrera, Inc., is pending and is not involved in this appeal. The claim against Casual Corner Group, Inc., was withdrawn by the plaintiff.

[3] In October, 1997, the plaintiff worked out of a Casual Corner store in Hicksville, New York, and the defendant was her immediate supervisor.

[4] The plaintiff traveled to Connecticut for business only one other time since she was hired at Casual Corner in 1994.

the course of employment.[5] The plaintiff denied the special defense on April 22, 1999.[6]

On August 1, 2000, the defendant filed a motion for summary judgment, claiming that she was immune from liability pursuant to New York's workers' compensation law.[7] On January 9, 2002, the court granted the motion for summary judgment, stating that it was relying on the reasons set forth in *Szabo* v. *Feldicsko*, Superior Court, judicial district of Stamford-Norwalk, Docket No. 98939 (October 7, 1992) (7 C.S.C.R. 1217). In response to the plaintiff's motion for articulation, filed July 10, 2002, the court stated that "[c]onsidering the factors set forth in such cases as *Simaitis* v. *Flood*, 182 Conn. 24, 437 A.2d 828 (1980), and *O'Connor* v. *O'Connor*, 201 Conn. 632, 519 A.2d 13 (1986), as well as 1 Restatement (Second), Conflict of Laws § 145 (1971), referred to therein . . . the employment relationship and the relationship of the parties was centered in the state of New York and . . . the justified expectations of the parties is likewise related to New York law." This appeal followed.

On appeal, the plaintiff claims[8] that the court improperly granted the defendant's motion for summary judg-

[5] New York Workers' Compensation Law § 29 (6) (McKinney 1997) provides in relevant part: "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ . . . ." Connecticut law, however, would not preclude the plaintiff from bringing such an action. See General Statutes § 31-293a.

[6] Although the plaintiff denied the special defense, she concedes in her appellate brief that under New York's workers' compensation law, she is "prohibited from bringing an action against a coemployee for personal injuries received in the course of her employment."

[7] The defendant further claimed that Lawrence Seldin, who was not employed by Casual Corner, was also immune from liability because his liability, if any, was vicarious as the owner of the vehicle that was driven by Barbara Seldin in the accident.

[8] The plaintiff also claims that there is an inadequate record because the court did not issue a written memorandum of decision. We note that it is the appellant's duty to furnish this court with an adequate record. *Community Action for Greater Middlesex County, Inc.* v. *American Alliance Ins. Co.*,

ment because New York workers' compensation law, which would preclude the plaintiff from bringing her action, should not have been applied. Additional facts and procedural history relevant to the plaintiff's claim will be set forth as necessary.

"Our standard of review of a trial court's granting of summary judgment is well established. Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Board of Education* v. *Naugatuck*, 70 Conn. App. 358, 362, 800 A.2d 517, cert. granted on other grounds, 261 Conn. 917, 806 A.2d 1053 (2002). Because the parties have stipulated to the relevant facts, "our review is plenary and we must determine whether the trial court's conclusions of law are legally and logically correct and find support in the stipulated facts." (Internal quotation marks omitted.) *Doucette* v. *Pomes*, 247 Conn. 442, 453, 724 A.2d 481 (1999).

The choice of law principles applicable to third party tort actions in connection with a workers' compensation claim have been set forth by our Supreme Court in *Simaitis* v. *Flood*, supra, 182 Conn. 24, and followed by this court in *Pimental* v. *Cherne Industries, Inc.*, 46 Conn. App. 142, 698 A.2d 361, cert. denied, 243 Conn. 922, 701 A.2d 343 (1997). In determining whether New York workers' compensation law can be applied, we must first undertake an interests analysis. See *Simaitis*

254 Conn. 387, 394, 757 A.2d 1074 (2000). Consequently, if the plaintiff believed that the court did not articulate its decision adequately, she should have sought a further articulation or rectification of the record as provided for by Practice Book § 66-5. In this case, however, where the facts are not in dispute and our review is plenary, the precise legal analysis undertaken by the court is not critical to our consideration of the issue on appeal. See id., 395–96.

v. *Flood,* supra, 31–32. Under that approach, we must look at the legitimate interests each state has in the application of its laws. See id.

In the present case, the plaintiff received workers' compensation benefits under New York law. New York's interest in compensating an injured employee, a New York resident, while precluding her from bringing a negligence action against her coemployee, who also is a New York resident, for injuries sustained in the course of employment, is clear and legitimate. New York's interest further lies in the fact that the plaintiff's employment relationship with Casual Corner began and has always existed in New York,[9] and that the plaintiff has traveled to Connecticut for business only twice since being hired by Casual Corner in 1994. New York, therefore, has a substantial interest in having its laws applied.

The plaintiff argues, however, that Connecticut's interest lies in the fact that the injury occurred within its borders and on its highways. Although the accident did occur in Connecticut, our Supreme Court has expressly adopted an interests analysis over the place of injury rule, or lex loci delicti, in conflict of laws cases such as this. See id., 31. As a result, although the place where the injury occurred might be one factor to consider, it is not dispositive of the issue and clearly does not outweigh New York's interests.

The plaintiff further argues that Connecticut's interest lies in the fact that Casual Corner had its headquar-

---

[9] The plaintiff received paychecks from Casual Corner's headquarters in Connecticut, had contact with it once per month for payroll and purchasing issues, once per week for benefit issues and also received various memoranda from the headquarters about Casual Corner's financial operations. Such insignificant contacts, however, when viewed in light of the fact that the parties were residents of New York and the plaintiff was principally employed there, are not enough to conclude that Connecticut has the greater interest.

ters in Connecticut. Although the location of the headquarters is one factor to consider, we cannot go as far as to say that this alone gives Connecticut the greater interest under the facts presented. Although it might be true that Connecticut is the center of Casual Corner's corporate operations, it does not necessarily follow that it is the center of the parties' relationship with Casual Corner because the plaintiff was principally employed in New York and the parties were both New York residents.[10] Given the facts presented, the parties clearly had an expectation that they would be entitled to the rights, privileges and immunities of New York law. Consequently, because New York has the greater interest, we conclude that it was proper to apply New York law.

"Just as our Supreme Court did in *Simaitis* v. *Flood*, supra, 182 Conn. 24, we, too, look beyond an interest analysis and examine the Restatement (Second) of Conflict of Laws and Professor [Arthur] Larson's treatise on workers' compensation; 1 Restatement (Second), [supra, § 181]; 4 A. Larson, Workers' Compensation Law (1997) § 87.40, pp. 16-84 through 16-95; which suggest approaches that lead to the same result." *Pimental* v. *Cherne Industries, Inc.*, supra, 46 Conn. App. 146.

"The Restatement provides that: 'A State of the United States may consistently with the requirements of due process award relief [not merely compensation] to a person under its workmen's compensation statute, if (a) the person is injured in the State, or (b) the employment is principally located in the State, or (c) the employer supervised the employee's activities from a place of business in the State, or (d) the State is that

[10] The plaintiff also argues that her employment contract with Casual Corners was based in Connecticut, thereby making Connecticut the center of the employment relationship. There are, however, no facts in the record indicating where the employment contract was created and which state's law governs the contract.

of most significant relationship to the contract of employment with respect to the issue of workmen's compensation under the rules of §§ 187-188 and 196, or (e) the parties have agreed in the contract of employment or otherwise that their rights should be determined under the workmen's compensation act of the State, or (f) the State has some other reasonable relationship to the occurrence, the parties and the employment.' Restatement (Second), [supra, § 181]." *Simaitis* v. *Flood*, supra, 182 Conn. 33. That inquiry, therefore, involves determining whether Connecticut can constitutionally apply New York law. On the facts of this case, New York law clearly is available under subsections (b), (c) and (f) of the Restatement.[11]

Last, "[a]ccording to Professor Larson, the applicable law in a workers' compensation case is the law of the place of the employment relation, because 'the existence of the employer-employee relation within the state gives the state an interest in controlling the incidents of that relation, one of which incidents is the right to receive and the obligation to pay compensation.' 4 Larson, supra, § 87.40, p. 16-84." *Simaitis* v. *Flood*, supra, 182 Conn. 34. Here, although Casual Corner had its corporate headquarters in Connecticut, the employment relation clearly existed in New York, which was where the parties lived and where the plaintiff principally was employed.

For all of the foregoing reasons, we conclude that the court was correct in applying New York law and, because New York law specifically precludes the plaintiff from bringing a negligence action against the defendant, the court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[11] New York law might also be available under subsection (d) and (e) on a showing of additional supporting facts.